```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LLOYD LEBLANC,                    :
          Plaintiff,              :
     v.                           :   Civil Action No. 04-84J
NORENE GREENLEAF                  :
          Defendant               :
```

## Report and Recommendation

Recommendation

   Pending is defendant Greenleaf's motion to dismiss or for summary judgment, docket no. 22. I recommend that summary judgment be granted to defendant.

Report

   Plaintiff filed a complaint which alleged that Greenleaf, the health care administrator at S.C.I. Houtzdale, was deliberately indifferent to plaintiff's serious medical needs while he was incarcerated there. Defendant filed a motion to dismiss or for summary judgment, docket no. 22, to which plaintiff was ordered to reply by August 5, 2005. Plaintiff has not filed a reply.

   In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), the Third Circuit set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to prosecute was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim or defense.

Weighing the <u>Poulis</u> factors to the extent appropriate, I conclude that dismissal of the complaint for lack of prosecution would be an appropriate sanction. Although not all the factors relevant to the <u>Poulis</u> balancing test weigh in favor of dismissal, that is not necessary. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir.1988).

Here, the plaintiff is proceeding <u>pro se</u> and is therefore responsible for any action taken to advance his case. It is unlikely that plaintiff seeks to delay. Rather, it appears that he does not care sufficiently about this litigation since his release to pursue it. Obviously, preparation of a defense in which plaintiff essentially blames everything wrong with his medical condition on defendant causes some prejudice to defendant in terms of time and money, but the plaintiff's failure to respond to the defendant's motion does not add any costs. Alternative sanctions such as monetary penalties are inappropriate with indigent plaintiffs. Finally, there is no apparent merit to the plaintiff's claims.

Because of the lack of merit, even without considering <u>Poulis</u>, the motion for summary judgment should be granted. I will not detail the medical care provided to plaintiff as documented in the records, since plaintiff has not seen fit to challenge either

2

the authenticity of the defendant's exhibits or any of the factual assertions contained in the medical providers' reports. Plaintiff at best alleges two claims: 1) that Greenleaf would not approve an MRI for his shoulder, and 2) that Greenleaf's delay in moving him to a bottom bunk contributed to an injury he suffered on February 11, 2004, when he climbed out of his top bunk and fell off a stool or bench. As to the first claim, Eugene Gincherau, M.D., reported on August 23, 2004, that plaintiff likely had cervical radiculopathy but had a negative neurologic examination, and that because surgery was not being considered there was "no real reason to do an MRI." docket no. 22, Attachment D. Doctor Gincherau also expressly stated that if plaintiff developed weakness, atrophy, or other neurologically significant changes, he would reconsider his position. Id. Plaintiff provides nothing in opposition to this opinion. A prison administrator is not under any but the most extraordinary conditions (not alleged here) in violation of the Eighth Amendment for refusing a diagnostic procedure that the relevant medical professional has stated is unnecessary. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004).

To maintain even a state law claim of medical malpractice, a plaintiff has to provide an affidavit from an appropriate medical professional stating that the defendant medical care provider deviated from acceptable standards of care. See Velazquez v. UPMC Bedford Memorial Hospital, 328 F.Supp.2d 549

(W.D. Pa.2004), analyzing Pa.R.Civ.P. 1042.3 in light of Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir.2000). That rule does not apply to plaintiff's federal claim, of course, but it would be a peculiar legal doctrine that held that a layperson's ipse dixit about his dissatisfaction with medical care, which could not maintain a complaint for simple negligence, created a question for trial whether the defendant violated the **constitution**. And in fact, Section 1983 does not provide a cut-rate cause of action for negligence: summary judgment should be entered for defendant on plaintiff's first claim.

As for the second claim, plaintiff concedes that he injured himself climbing down from his top bunk on February 11, 2004, when a "bench moved resulting in me hitting my back on a rail." docket no. 22, Attachment D, Grievance 75728. Even assuming that the reason for plaintiff's fall was his medical condition and not his own carelessness in climbing down by a means other than the ladder, which is what plaintiff was told in the internal grievance system, there is no evidence that Greenleaf or any other Pennsylvania Department of Corrections employee knew that plaintiff faced an excessive risk of falling, or that Greenleaf or anyone else disregarded that risk. The Supreme Court requires a plaintiff seeking to prove deliberate indifference to show both elements to prove an Estelle v. Gamble claim, stating:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

<u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Since plaintiff has no evidence, direct or circumstantial, that Greenleaf knew that plaintiff was at excessive risk of falling and, as the circuit has recently stressed, plaintiff must show that Greenleaf was actually aware of the existence of the excessive risk; not merely that she should have been aware, <u>Woloszyn v. Lawrence County</u>, 396 F.3d 314, 321 (3d Cir.2005), judgment should be entered for defendant on plaintiff's second claim.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 2 September 2005

Keith A. Pesto,
United States Magistrate Judge

cc:     Lloyd LeBlanc
        P.O. Box 1084
        Pocono Summit, PA 18346

        Christian D. Bareford, Esquire
        6th Floor Manor Complex
        564 Forbes Avenue
        Pittsburgh, PA 15219

5